John E. Hill, State Bar #45338
johnhill@hill-law-offices.com
Enrique Martínez, State Bar #206884
enriquemartinez@hill-law-offices.com
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 632-1445

*Attorneys for Plaintiffs & Putative Classes*

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABRIEL M. DIAS; and JOHN L. FRAGOSO,<br><br>      Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. §§ 201, *et seq.*)**<br>2. **FAILURE TO PAY OVERTIME WAGES (CA LABOR CODE §§ 510, 1194 and IWC Wage Orders);**<br>3. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CA LABOR CODE § 226.7 and IWC Wage Orders);**<br>4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENT (CA LABOR CODE §226);**<br>5. **INDEMNIFICATION OF WORK-RELATED EXPENSES (CA LABOR CODE § 2802);**<br>6. **FAILURE TO PROVIDE ACCESS TO EMPLOYEE PAYROLL & PERSONNEL RECORDS (LAB. CODE § 1198.5);**<br>7. **WAITING TIME PENALTIES (CA LABOR CODE § 203);**<br>8. **UNFAIR BUSINESS PRACTICES (CA BUS. & PROF CODE § 17200, *et seq.*); and,**<br>9. **CIVIL PENALTIES FOR VIOLATIONS OF CA LABOR CODE (PAGA, Labor Code § 2699)** |

Plaintiffs Rosalie Cuevas, Adolfo Gomez-Moreno, Reynaldo Tolano, and Agustin Ambriz, on behalf of themselves, the general public, and all others similarly situated ("Plaintiffs") allege and complain against DEFENDANTS Dias & Fragoso, Inc. and D & F Agricultural Enterprises, Inc., Gabriel M. Dias and John L. Fragoso ("Individual Defendants") (hereinafter collectively "Defendants" or "Dias & Fragoso"), as follows:

## INTRODUCTION

1.     This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") and a class action brought pursuant to Federal Rule of Civil Procedure 23 to recover unpaid overtime compensation owed to Plaintiffs and similarly situated employees under FLSA and the California Labor Code.  Plaintiffs also allege that Defendants routinely violated the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders by: failing to provide adequate meal periods and rest breaks; failing to provide accurate wage statements; failing to provide access to Plaintiffs' payroll and personnel records; and failing to reimburse workers for work-related expenses.  On behalf of themselves and the putative Classes, Plaintiffs seek unpaid wages, damages, restitution, and other relief for themselves individually, and on behalf other aggrieved former and current employees.

2.     Although most of Defendants' operations are nonagricultural, Defendants classified all of their employees as agricultural workers and illegally exempted some of them from overtime pay for hours worked over 40 hours per week in violation of the FLSA.  Plaintiffs also allege that Defendants' employment practices in violation of the California Labor Code are unlawful, unfair, and contrary to the public policies of the State of California.  By engaging in the conduct alleged herein, Defendants have violated, and continue to violate, the FLSA and Labor Code sections enumerated below and have engaged in, and continue to engage in, unfair and unlawful business practices in violation of Business and Professions Code sections 17200, *et seq.*, causing injury to Plaintiffs and the putative Classes.

## JURISDICTION & VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

based on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1362 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Fresno Division is the proper division in that the real property that is the subject of this action is located in Kings County, California.

## THE PARTIES

6.     At all relevant times, Plaintiffs have resided in the State of California and are or were employees of Defendants. Plaintiffs have worked for Defendants within California as hourly, non-exempt employees, within the four years preceding the filing of this action[1].

7.     Plaintiff Rosalie Cuevas is a resident of Fresno, California and was employed by Defendants as a weigher from approximately 2008 to October 2016.

8.     Plaintiff Adolfo Gomez-Moreno is a resident of Hanford, California and was employed by Defendants as a truck driver from approximately June 2012 to November 2016.

9.     Plaintiff Reynaldo Tolano is a resident of Hanford, California and has been employed by Defendants as a mechanic from approximately July 2015 to the present.

10.     Plaintiff Agustin Ambriz is a resident of Hanford, California and was employed by Defendants as a maintenance worker and operator from approximately 2006 to August 2016.

11.     Plaintiffs are informed and believe and thereon allege that Defendant Dias & Fragoso, Inc. is, and at all times mentioned in this complaint, has been a California company doing business Kings County, State of California. The principal place of business of Dias & Fragoso, Inc. is 6700 Excelsior Ave., Hanford, California 93230.

---

[1] All of the Plaintiffs' opt-in forms consenting to be parties to this action, as required under 29 U.S.C. § 216(b), are attached hereto as Exhibit A.

12.    Plaintiffs are informed and believe and thereon allege that Defendant D & F Agricultural Enterprises, Inc. is, and at all times mentioned in this complaint, has been a California company doing business Kings County, State of California. The principal place of business of D & F Agricultural Enterprises, Inc. is 6700 Excelsior Ave., Hanford, California 93230.

13.    Upon information and belief, Defendant Gabriel M. Dias is a co-owner and manager/agent of Dias & Fragoso, Inc. and D & F Agricultural Enterprises, Inc., residing and doing business in Kings County and other counties throughout California.

14.    Upon information and belief, Defendant John L. Fragoso is a co-owner and manager/agent of Dias & Fragoso, Inc. and D & F Agricultural Enterprises, Inc., residing and doing business in Kings County and other counties throughout California.

15.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

16.    Plaintiffs have finalized the process of meeting the jurisdictional requirements to proceed with their claims for civil penalties under the Labor Code Private Attorney's General Act ("PAGA"), codified at California Labor Code, Section 2698, et seq. by timely giving written notice, via certified U.S. Mail to Defendants and via online filing with the Labor and Workforce Development Agency ("LWDA"). (See Lab. Code § 2699.3(a)(1).) As of this date, over 65 days have passed since the date of that written notice. Plaintiffs' counsel have not received notification from the LWDA that it does not intend to investigate the alleged violations, and therefore Plaintiffs are entitled to prosecute their PAGA claims.

**FACTUAL BACKGROUND**

17.    Dias & Fragoso, Inc. and D & F Agricultural Enterprises, Inc., owned and managed in their day-to-day operations and wage and hour practices by the Individual Defendants (Gabriel M. Dias and John L. Fragoso), operate (upon information and belief) exclusively in California. The

companies provide machinery and personnel to client dairies at their premises to harvest, transport and weigh wheat and corn that is used as animal feed ("silage").

18. The Individual Defendants regularly visit and oversee operations at the companies' shop and at numerous customer sites where Plaintiffs and similarly situated employees work. They also make decisions regarding scheduling, working conditions, hiring and termination decisions. Upon information and belief, they also handle administration of many of the company's affairs, including, upon information and belief, exercising control over the wages, hours or working conditions.

19. Defendants employ five groups of workers: (i) mechanics at Defendants' shop who service trucks ("mechanics"); (ii) maintenance workers at Defendants' shop who service and clean agricultural equipment, including choppers ("maintenance workers"); (iii) farm equipment operators who work at the fields harvesting ("operators"); (iv) truck drivers who transport silage from the field to the dairy ("truck drivers"); and, (v) weighers who weigh the silage for purposes of billing Dias & Fragoso's clients ("weighers").

20. Dias & Fragoso has a team of mechanics who service trucks. Defendants pay them at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours per week. They are provided with a meal period after having worked more than five (5) hours in their shift. Also, although the mechanics typically work more than ten (10) hours per day, they are not provided with a second meal period. Likewise, although sometimes they work twelve (12) hours or more, they are not provided with all of their rest breaks.

21. Dias & Fragoso also employs maintenance workers who service and clean agricultural equipment, including choppers and swathers at Defendants' shop. Defendants pay them at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours per week. These workers are provided with a meal period after having worked five (5) hours in their shift. Also, although these maintenance personnel typically work more than ten (10) hours per day, they are not provided with a second meal period. Likewise, although sometimes they work twelve (12) hours or more, they are not provided with all of their rest breaks.

22. The operators handle farm machinery such as dozers and choppers to harvest corn or wheat at Dias & Fragoso's clients' fields. Although they typically work more than twelve (12) hours per day, operators are not provided with meal and rest periods and must eat while operating their vehicles.

23. Truck drivers transport the silage from Dias & Fragoso's clients' fields to their dairies. Defendants pay them at an overtime rate after having worked more than 10 hours per day or sixty (60) hours per week. At no time have truck drivers been provided with meal and rest periods. They typically work more than twelve hours per day and must eat while driving their trucks and delivering the silage.

24. Weighers are located at Dias & Fragoso's clients' premises and weigh and record the silage brought by truck drivers. Defendants pay weighers at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours per week. Although they typically work more than twelve (12) hours per day, weighers are not provided with meal and rest periods and must eat while performing their work. They must utilize their own vehicles to travel to the various dairy clients, but are not reimbursed for their vehicle expenses.

## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves all similarly situated workers, as a class action pursuant to Federal Rules of Civil Procedure 23 ("Fed. R. Civ. P. 23"). The claims herein have been brought and may be properly maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. This action also satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of the Fed. R. Civ. P. 23 provisions.

26. Plaintiffs propose six Classes of non-exempt employees during the applicable limitations period who were employed by Defendants:

(a) Class of mechanics, maintenance workers, truck drivers, and weighers who worked more than forty (40) hours per work week, and were not compensated for all said overtime hours at the appropriate rates of pay ("FLSA Overtime Class");

(b) Class of mechanics and weighers who worked more than eight hours per work day and/or or 40 hours per work week, and were not compensated for all said overtime hours at the appropriate rates of pay ("Labor Code Overtime Class");

(c) Class of employees (all five employee groups) who were not provided with adequate meal and rest breaks as required by law ("Meal and Rest Period Class");

(d) Class of employees (all five employee groups) who were not furnished with accurate wage statements ("Wage Statement Class");

(e) Class of weighers who have not been reimbursed for out-of-pocket vehicle expenses ("Indemnification of Work-Related Expenses Class"); and,

(f) Class of employees (all five employee groups) whose employment ended and were not paid all of their wages ("Waiting Time Penalties Class").

27. There is a well-defined community of interest in the litigation and the classes are ascertainable:

(a) Numerosity: Each Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members in each Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that Defendants have employed over 120 workers during the liability period.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of each Plaintiff class and predominate over any questions that affect only individual members of each Class. The common questions of law and fact include, but are not limited to:

(i) Whether Defendants unlawfully failed to provide the FLSA Overtime Class members with proper overtime wages;

(ii) Whether Defendants unlawfully failed to provide the Labor Code Overtime Class members with proper overtime wages;

(iii) Whether Defendants unlawfully failed to provide the Meal and Rest

Period Class with meal and rest breaks required by law;

(iv)     Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(v)      Whether Defendants failed to reimburse the Indemnification of Work-Related Expenses Class for their vehicle expenses paid out-of-pocket;

(vi)     Whether Defendants failed to pay the Waiting Time Penalties Class for all their wages due;

(vii)    Whether Defendants violated Business & Professions Code section 17200, et seq. by their wage and hour practices, meal and rest break practices, furnishing of itemized wage statement practices, and lack of indemnification of business expenses practices; and,

(viii)   Plaintiffs anticipate that Defendants' affirmative defenses will raise additional common issues of fact and law.

(c)      Typicality: The named Plaintiffs' claims are typical of the claims of the Class members in each of the classes. Specifically, each Plaintiff's claims is typical of the claims of the FLSA Overtime, Meal and Rest Period and Wage Statement Classes; the claims of Plaintiff Cuevas and Tolano are typical of the claims of the Labor Code Overtime Class; the claims of Plaintiff Cuevas are typical of the Indemnification of Work-Related Expenses Class; and the claims of Plaintiffs Cuevas, Gomez-Moreno Ambriz are typical of the Waiting Time Penalties Class.

(d)      Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of the members of each class. Plaintiffs have no interest that is adverse to the interests of the other members of each Class.

(e)      Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## COLLECTIVE ACTION ALLEGATIONS

28.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were employed as mechanics, maintenance workers, truck drivers and weighers by Defendants in California at any time three years prior to the filing of this Complaint, to the final disposition of this case ("Collective Action Members").

29.     There are numerous similarly situated current and former Collective Action Members throughout California who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join the instant lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

30.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Action Members to work more than forty hours per week without appropriate overtime compensation.

31.     Upon information and belief, Defendants knew that Plaintiffs and the Collective Action Members performed work that required overtime pay after forty (40) hours per work week. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

32.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

33.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Collective Action Members.

## FIRST CAUSE OF ACTION
## ON BEHALF OF THE FLSA OVERTIME CLASS AND
## COLLECTIVE ACTION MEMBERS
## (FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA, 29 U.S.C. §§ 201, *et seq.*
## AGAINST ALL DEFENDANTS)

34.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

35.     Plaintiffs consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).  Their written consent forms are filed attached hereto as Exhibit A. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

36.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, members of the FLSA Overtime Class, and the Collective Action Members.  At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.  Defendants are "employers" of Plaintiffs, members of the FLSA Overtime Class and the Collective Action Members under the FLSA.

37.     The FLSA requires covered employers such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

38.     Despite the hours worked by Plaintiffs, members of the FLSA Overtime Class and the Collective Action Members, Defendants failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

39.     Defendants' conduct was willful, in bad faith, and in knowing violation of the FLSA, and as such, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40.     Plaintiffs, on behalf of themselves, members of the FLSA Overtime Class and the Collective Action Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

1    41.    Plaintiffs, on behalf of themselves, members of the FLSA Overtime Class and the

2    Collective Action Members, seek recovery of their attorneys' fees and costs to be paid by

3    Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### ON BEHALF OF THE LABOR CODE OVERTIME CLASS
### (FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE §§510, 1194 AS TO PLAINTIFFS CUEVAS AND TOLANO AGAINST ALL DEFENDANTS)

42.    Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

43.    California Labor Code section 510 and IWC Wage Order No. 4 governs technical, clerical, mechanical and similar occupations. California Labor Code section 510 and California Wage Order No. 7 governs the "Mercantile Industry," which is "any industry, business, or establishment operated for the purpose of purchasing, selling or distributing goods or commodities at wholesale or retail; or for the purpose of renting goods or commodities." Wage Order 7-2001, Section 2(H).

44.    At all times relevant to this Complaint, IWC Wage Orders Nos. 4 and 7 ("Wage Orders") were in effect and binding on Defendants. Subdivision 3 of Wage Orders provides that:

> (A) Daily Overtime—General Provisions
> (1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

45.    At all times relevant to this Complaint, Labor Code section 510 was in effect and binding on Defendants. The pertinent part of that Labor Code provides that:

> (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in

any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

46.     At all times relevant to this Complaint, California Labor Code section 1194 was in effect and binding on Defendants.  Labor Code section 1194 provides, in relevant part:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47.     At all times herein mentioned, Plaintiffs Cuevas and Tolano and the members of the Labor Code Overtime Class were non-exempt employees and subject to the overtime provisions of the Wage Orders.  Plaintiffs allege that they, as well as the Labor Code Overtime Class Members, worked for Defendants during shifts that consisted of hours of more than 8 hours in a working day and worked more than 40 hours per week.  Plaintiffs allege that Defendants paid them and other Labor Code Overtime Class Members, straight hourly wages, as opposed to 1 ½ of their hourly rate of pay, for the first ten hours that they worked per day, rather over 8 hours in a work day and/or 40 hours in a work week.

48.     Plaintiffs allege that wages are due to them and other Labor Code Overtime Class Members, for all hours worked during which they, as well as other class members, were not paid proper overtime wage pursuant to IWC Orders and California Labor Code sections 510 and 1194 and applicable laws, rules, orders, requirements, and regulations. Plaintiffs demand all applicable reimbursement and penalties for their lost wages, including all the appropriate penalties and interest.

49.     Plaintiffs further demand reasonable attorney's fees and costs of suit, pursuant to Labor Code sections 218.5, 218.6, and 1194.

### THIRD CAUSE OF ACTION
### ON BEHALF OF THE MEAL AND REST PERIOD CLASS
### (FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7 AGAINST ALL DEFENDANTS)

50.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

51.     At all times relevant to this Complaint, the California IWC Wage Orders and Code of Regulations were in effect and binding on Defendants. Applicable Wage Orders provide that all employees shall "authorize and permit" employees to take rest periods, "which in so far as practicable shall be in the middle of each work period. . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof . . . ."

52.     Under California law, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes. A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day. Labor Code § 512. Unless the employee is relieved of all duty during his or her thirty minute meal period, the meal period shall be considered an "on duty" meal period that is counted as hours worked which must be compensated at the employee's regular rate of pay.

53.     At all times relevant to this Complaint, section 226.7 of the California Labor Code was in effect and binding on Defendants:

> 226.7.  (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>           (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

54.     At all times herein mentioned Plaintiffs, as well as other Class Members, were non-exempt employees and subject to the rest period provisions of the IWC Wage Orders and the California Labor Code.

55.     At all times pertaining to Plaintiffs', as well as other Class Members' employment at Defendants, Defendants failed to provide Plaintiffs as well as other Class Members with meal and rest periods as required by law.

56.     Wages are due to Plaintiffs under IWC Wage Orders which provide that

"[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Thus, wages are due to Plaintiffs, as well as other Class Members, to compensate them for the rest periods that were denied under applicable laws, rules, requirements, and regulations. Plaintiffs allege that one hour's worth of wages per violation are due to them, and other Class Members, for each four hour work period contained in each day of worked performed by Plaintiffs. Similarly, Plaintiffs and other Class Members allege that one hour's wage per meal period violation are due to them, for each workday in which an adequate meal period was not provided to them.

57. Plaintiffs are entitled to all the appropriate penalties for the wage and hour violations due under the IWC Wage Orders and Labor Code section 226.7.

## FOURTH CAUSE OF ACTION
### ON BEHALF OF THE WAGE STATEMENT CLASS
### (VIOLATION OF CALIFORNIA LABOR CODE SECTION 226(A) RESULTING IN LABOR CODE SECTION 226(e) PENALTIES AGAINST ALL DEFENDANTS)

58. Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

59. At all times relevant to this Complaint, California Labor Code section 226 was in effect and binding on Defendants. Labor Code section 226 provides that employers must provide itemized wage statements to their employees. Specifically, Labor Code section 226, subdivision (a), requires employers to semi-monthly or at the time each payment of wages is made, to furnish each hourly paid employee with a statement itemizing, inter alia, the gross wages earned by the employee and total hours worked:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the

last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . . .

60.     Labor Code section 226, subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement proper statement pursuant to Labor Code section 226, subdivision (a), then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

61.     Plaintiffs believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, and other Class Members, with proper itemized written statements which contained proper wage itemization, i.e. the applicable hourly rate concerning all the overtime and hours worked that Plaintiffs worked during the scope of their employment. Plaintiffs further believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, as well as other class members, with proper itemized written statements which contained the corresponding number of overtime hours and hours worked by Plaintiffs during the scope of their employment;

62.     Plaintiffs allege that as a result of Defendants' failure to furnish them with proper itemized wage statements, they are entitled to wages and penalty in the amount of $4,000.00 pursuant to Labor Code §226(e).

63.     Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code sections 218.5 and 218.6.

## FIFTH CAUSE OF ACTION
### ON BEHALF OF THE INDEMNIFICATION OF WORK-RELATED EXPENSES CLASS (FAILURE TO INDEMNIFY EMPLOYEES FOR WORK-RELATED EXPENSES IN VIOLATION OF LABOR CODE § 2802 AS TO PLAINTIFF CUEVAS AGAINST ALL DEFENDANTS)

64.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

65.     Labor Code § 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful [...]. For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

66.     While acting on the direct instruction of Defendants and in discharging their duties for them, Plaintiff Cuevas and members of the Indemnification of Work-Related Expenses Class have incurred work-related expenses for having to use their own vehicles, including gasoline expenses.   At all times relevant hereto, Defendants were required to reimburse them, but failed to do so.

67.     As a direct and proximate result of Defendants' conduct, Plaintiffs and Class Members have suffered substantial losses, in amounts according to proof at trial.

68.     Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code sections 218.5 and 218.6.

**SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**(FAILURE TO PROVIDE ACCESS TO EMPLOYEE PAYROLL AND PERSONNEL RECORDS; LABOR CODE § 1198.5 AGAINST ALL DEFENDANTS AS TO PLAINTIFFS CUEVAS, GOMEZ-MORENO, TOLANO AND AMBRIZ)**

69.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

70.     California Labor Code § 1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

71.     California Labor Code § 226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

72. California Labor Code § 432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

73. California Labor Code § 1198.5, et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

74. Plaintiffs requested Defendants to provide Plaintiffs access to Plaintiffs' employee personnel files and payroll records.

75. Defendants failed to provide Plaintiffs access to Plaintiffs' payroll and personnel records in violation of California law.

76. To date, Plaintiffs allege that Defendants have denied Plaintiffs access to their employee personnel files and payroll records in violation of the statutes alleged in this Complaint.

77. As a result of the statutory violations, Plaintiffs seek damages, in an amount to be determined according to proof at trial, costs, and attorneys' fees.

78. By reason of the foregoing, Plaintiffs have been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court including, but not limited to, an order by the Court requiring Defendants to turn over copies of all of the contents of Plaintiffs' employee personnel files and payroll records to Plaintiffs or to provide Plaintiffs access to these records as required by law.

79. Based on the misconduct alleged in this Complaint, Plaintiffs are entitled to attorneys' fees as provided by applicable law, including but not limited to California Labor Code § 226, subdivisions (e) and (f).

80. Based on the misconduct alleged in this Complaint, Plaintiffs are entitled to penalties as provided by applicable law, including but not limited to California Labor Code § 226, subdivisions (e) and (f).

## SEVENTH CAUSE OF ACTION
### ON BEHALF OF THE WAITING TIME PENALTIES CLASS

**(FAILURE TO PAY ALL WAGES DUE UPON DISCHARGE, LABOR CODE §§ 201, 202 AND 203 AGAINST ALL DEFENDANTS AS TO PLAINTIFFS CUEVAS, GOMEZ-MORENO AND AMBRIZ)**

81.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

82.     Plaintiffs Cuevas, Gomez-Moreno and Ambriz and other members of the Waiting Time Penalties Class were discharged or resigned within the meaning of Labor Code §§ 201 or 202 by Defendants on their respective termination dates in 2016, but were not paid all their wages due in accordance with Labor Code §§ 201 or 202.

83.     As a result of Defendants' willful failure to pay Plaintiffs and Class Members all wages due in accordance with Labor Code §§ 201 and 202, Plaintiffs and Class Members are entitled to waiting time penalties pursuant to Labor Code § 203, in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**
**ON BEHALF OF ALL CLASSES**
**(UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.* AGAINST ALL DEFENDANTS)**

84.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

85.     Defendants' conduct occurred during the four year period preceding the filing of this action. Defendants' conduct, alleged herein, constitutes an unlawful business practices in violation of Business and Professions Code §17200, *et seq*. These unfair business practices include violations of Labor Code and the Federal Labor Standards Act, including but not limited to: failure to pay all overtime wages; failure to pay a proper wage for all meal and rest periods which were not provided; failure to indemnify employees for all losses and expenditures; failure to furnish Plaintiffs with correct itemized wage statements; failure to provide Plaintiffs with their payroll and personnel records; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and other Class Members.

86.     Pursuant to Business and Professions Code § 17200, *et seq.*, Plaintiffs and other Class Members are entitled to restitution of the portion of the money due by Defendants for their failure to pay all overtime wages; failure to pay a proper wages for all meal and rest periods which

were not provided; failure to indemnify employees for all losses and expenditures; failure to furnish Plaintiffs with correct itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and other Class Members, during a period that commences four years prior to the filing of this action and continues at least through the date judgment is entered in this action, and a preliminary and permanent injunction requiring Defendants to refrain from continuing these violations.

## NINTH CAUSE OF ACTION
### (CIVIL PENALTIES FOR VIOLATIONS OF LABOR CODE §§ 201, 202, 203, 226, 226.7, 510, 1194 AND 2802 AGAINST ALL DEFENDANTS)

87. Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

88. During the period beginning one year preceding the filing of the complaint in this action (the "Civil Penalty Period"), Defendants violated Labor Code Sections 201, 202, 203, 226, 226.7, 510, 1194 and 2802.

89. Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code Section 2699.3.

90. Plaintiffs have finalized the process of meeting the jurisdictional requirements to proceed with their claims for civil penalties under the Labor Code Private Attorney's General Act ("PAGA"), codified at California Labor Code, Section 2698, et seq.

91. Pursuant to Labor Code Sections 2699(a) and (f), Plaintiffs are entitled to recover civil penalties for Defendants' violations of Labor Code Sections 201, 202, 203, 226, 226.7, 510, 1194 and 2802 in the following amounts:

(a) For violation of Labor Code Sections 510, 1194 and 2802, fifty dollars ($50) for each underpaid employee for each pay period the employee was underpaid, and one hundred dollars ($100) for each subsequent violation for each underpaid employee for each pay period, as provided by Labor Code Section 558.

(b) For violation of Labor Code Section 226.7, one hundred dollars ($100) for

each underpaid employee for each pay period the employee was underpaid, and two hundred dollars ($200) for each subsequent violation for each underpaid employee for each pay period [penalty amounts established by Labor Code Section 2699(f)(2)].

(c)     For violation of Labor Code Section 226, two hundred fifty dollars ($250) for each employee per pay period for the initial violation and one thousand dollars ($1,000) per employee in a subsequent violation [penalty amounts established by Labor Code Section 226.3].

(d)     For violation of Labor Code section 201, 202, and 203 one hundred dollars ($100) for each underpaid employee for each pay period the employee was underpaid, and two hundred dollars ($200) for each subsequent violation for each underpaid employee for each pay period [penalty amounts established by Labor Code Section 2699(f)(2)].

92.     Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code §§ 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that Judgment be entered in their favor and against Defendants, as follows:

A.     Such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above;

B.     Unpaid wages, including unpaid meal and rest period premiums, to Plaintiffs and to each class member in the amount of such underpayment;

C.     The amounts provided for in FLSA, 29 U.S.C. § 216(b), including unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs of the action.

D.     The amounts provided for in IWC Wage Orders 4 and 7, Labor Code Sections 221, 226(e), 226.7, 510, 1194, 1197, 2802 and other Labor Codes as set forth in this Complaint;

E.     Restitution as described in the claim for relief under Business and Professions Code

Sections 17200, *et seq.*;

F.     Permanent injunctive and declaratory relief described in the claim for relief under

Business & Professions Code Section 17200, *et seq.*;

G.     Pre-judgment interest;

H.     Costs of suit and attorneys' fees;

I.     Civil penalties pursuant to Labor Code Section 2698, *et seq.*; and

J.     Such other relief as the Court deems just and proper.

Dated: March 7, 2017

LAW OFFICES OF JOHN E. HILL

By: _____
Enrique Martinez
*Attorneys for Plaintiffs*

# EXHIBIT A

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 633-2504

*Attorneys for Plaintiffs & Putative Classes*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and other members of the general public similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABE DIAS; and JOHN FRAGOSO,<br><br>     Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.     I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief. I understand this lawsuit alleges that my employers, Dias & Fragoso, Inc., D & F Agricultural Enterprises, Inc., Gabe Dias and John Fragoso ("Defendants") failed to properly compensate me and their other employees.

2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.     I hereby designate The Law Offices of John E. Hill to represent me in this action.

Date: 3/28/17

Rosalie Cuevas
Signature

Rosalie Cuevas
Printed Name

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 633-2504

*Attorneys for Plaintiffs & Plaintiff Class*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and other members of the general public generally situated,

      Plaintiffs,

vs.

DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABE DIAS; and JOHN FRAGOSO,

      Defendants.

Case No.:

**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF**

    1.    I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief. I understand this lawsuit alleges that my employers, Dias & Fragoso, Inc, D & F Agricultural Enterprises, Inc., Gabe Dias and John Fragoso ("Defendants") failed to properly compensate me and their other employees.

    *Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo 16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF
1

1 *horas extras, daños y perjuicios, honorarios de abogados, gastos y otras compensaciónes.*

2 *Entiendo que esta demanda alega que mis empleadores, & Fragoso, Inc, D & F Agricultural*

3 *Enterprises, Inc., Gabe Dias y John Fragoso ("Demandados") no me compensaron*

4 *adecuadamente ni a sus otros empleados.*

5     2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it

6 is favorable or unfavorable. I further agree to be bound by any collective action settlement herein

7 approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

8     *Tambien doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de*

9 *esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en*

10 *obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento*

11 *aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

12     3.     I hereby designate The Law Offices of John E. Hill to represent me in this action.

13     *Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en*

14 *esta acción.*

15

16 Date/Fecha: 2-28-17           _Adolfo Gomez Moreno_

17                                   Signature/Firma

18

19                                   _Adolfo Gomez Moreno_
                                  Printed Name/Nombre

20

21

22

23

24

25

26

27

28

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 633-2504

*Attorneys for Plaintiffs & Plaintiff Class*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and other members of the general public generally situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABE DIAS; and JOHN FRAGOSO,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1. I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief. I understand this lawsuit alleges that my employers, Dias & Fragoso, Inc, D & F Agricultural Enterprises, Inc., Gabe Dias and John Fragoso ("Defendants") failed to properly compensate me and their other employees.

*Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo 16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

*horas extras, daños y perjuicios, honorarios de abogados, gastos y otras compensaciónes.*

*Entiendo que esta demanda alega que mis empleadores, & Fragoso, Inc, D & F Agricultural*

*Enterprises, Inc., Gabe Dias y John Fragoso ("Demandados") no me compensaron*

*adecuadamente ni a sus otros empleados.*

  2.  I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

  *Tambien doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

  3.  I hereby designate The Law Offices of John E. Hill to represent me in this action.

  *Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en esta acción.*

Date/Fecha: 2/28/17        Reynaldo T.
                           Signature/Firma


                           Reynaldo Tolano.
                           Printed Name/Nombre

John E. Hill, State Bar #45338
Enrique Martínez, State Bar #206884
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 633-2504

*Attorneys for Plaintiffs & Plaintiff Class*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and other members of the general public generally situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABE DIAS; and JOHN FRAGOSO,<br><br>     Defendants. | Case No.:<br><br>**NOTICE OF CONSENT TO JOIN AS PARTY PLAINTIFF** |

1.     I hereby consent to be a party to litigation under section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), seeking unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief. I understand this lawsuit alleges that my employers, Dias & Fragoso, Inc, D & F Agricultural Enterprises, Inc., Gabe Dias and John Fragoso ("Defendants") failed to properly compensate me and their other employees.

*Por la presente doy mi consentimiento para ser parte en un litigio en virtud del artículo 16(b) de la ley Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), pidiendo compensación por*

1 *horas extras, daños y perjuicios, honorarios de abogados, gastos y otras compensaciones.*
2 *Entiendo que esta demanda alega que mis empleadores, & Fragoso, Inc, D & F Agricultural*
3 *Enterprises, Inc., Gabe Dias y John Fragoso ("Demandados") no me compensaron*
4 *adecuadamente ni a sus otros empleados.*

5     2.    I hereby agree to be bound by any adjudication of this action by the Court, whether it
6 is favorable or unfavorable. I further agree to be bound by any collective action settlement herein
7 approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

8     *Tambien doy mi consentimiento en obligarme a cumplir con cualquiera adjudicación de*
9 *esta acción por parte del Tribunal, ya sea favorable o desfavorable. Estoy de acuerdo en*
10 *obligarme a cumplir con cualquier resolución de la demanda colectiva en el presente documento*
11 *aprobada por mis abogados y aprobada por este Tribunal como justa, adecuada y razonable.*

12     3.    I hereby designate The Law Offices of John E. Hill to represent me in this action.
13     *Por la presente designo Las Oficinas Legales de John E. Hill para que me representen en*
14 *esta acción.*

15

16 Date/Fecha: _2/08/17_

17                                               Signature/Firma

18

19                                               Printed Name/Nombre

20
21
22
23
24
25
26
27
28