Howard A. Sagaser, State Bar No. 72492
William M. Woolman, State Bar No. 145124
Ian B. Wieland, State Bar No. 285721
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Attorneys for Defendants, Dias & Fragoso, Inc., D&F Agricultural Enterprises, Inc., Gabriel M. Dias and John L. Fragoso

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABRIEL M. DIAS; and JOHN L. FRAGOSO<br><br>Defendant(s). | Case No.:   1:17-CV-00357-LJO-BAM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>Judge:  Hon. Barbara A. McAuliffe<br>Date:    April 6, 2018<br>Time:   9:00 a.m.<br>Place:   Courtroom 8 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**

015004.00003 - 187818.1

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.   ARGUMENT ......................................................................................................... 2

    A.   Conditional Certification Under 216(b) Is Improper Because Plaintiffs Are Not Similarly Situated With Proposed Class Members. ....................................................... 2

        1.   Plaintiffs Are All Properly Classified Agricultural Employees. .................. 4

            a.   The "Truck Drivers" Are Agricultural Employees. ......................... 6

            b.   The Weighers Are Agricultural Employees ..................................... 8

            c.   Mechanics and Maintenance Workers Are Agricultural Employees ........................................................... 10

        2.   Plaintiffs' Status As Exempt Employees Is Not Sufficient To Support Conditional Certification............................................................................. 11

        3.   Plaintiffs' Argument That Defendant Started Paying Truck Drivers Overtime............................................................................................... 12

III.   CONCLUSION .................................................................................................... 13

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

i

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**

015004.00003 - 187818.1

# TABLE OF AUTHORITIES

**Federal Cases**

*Adams v. Inter-Con Sec. Systems Inc.*
   (N.D. Cal. 2007) 242 F.R.D. 530, 535, 536 .................................................................. 4,5

*Ahmed v. T.J. Maxx Corp.*
   (2015 E.D.N.Y.) 103 F.Supp.3d 343, 351 ..................................................................... 13

*Bowie v. Gonzalez,*
   117 F.2d 11, 18 (1st Cir.1941).) ...................................................................................... 6

*Brown v. Barnes & Noble, Inc.*
   (2017 S.D.N.Y.) 252 F.Supp.3d 255 ............................................................................. 13

*Costello v. Kohl's Illinois,*
   No. 13-cv-1359 (GHW), 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014 ............... 13

*Farmers Reservoir & Irrigation Co. v. McComb,*
   337 U.S. 755, 762-63 (1949) ..................................................................................... 6, 10

*Freeman v. Wal-Mart Stores, Inc.*
   (256 F.Supp.2d 941, 945 (W.D. Ark. 2003) ................................................................... 4

*Harper v. Lovett's Buffet, Inc.*
   185 F.R.D. 358 (M.D. Ala. 1999) ................................................................................... 4

*Haynes v. Sunger Co.*, Inc.
   696 F.2d 884 (11th Cir. 1983) ........................................................................................ 4

*Hipp v. Liberty National Life Ins. Co.*
   252 F.3d 1208, 1217 (11th Cir. 2001) ............................................................................ 4

*Holtville Alfalfa Mills v. Wyatt,*
   203 F.2d 398, 403 (9th Cir. 1955) ....................................................................... 8, 10,11

*Leuthold v. Destination America, Inc.*
   (N.D. Cal. 2004) 224 F.R.D. 462 ................................................................................... 4

*Maneja v. Waialua Agricultural Company*
   349 U.S. 254, 261 (1955).) .............................................................................. 8, 9, 10, 12

*National Labor Relations Bd. V. Olaa Sugar Company,*
   242 F.2d 714 (9th Cir. 1957 ............................................................................................ 8

*Raniere v. Citigroup*
   (S.D.N.Y. 2011) 827 F.Supp.2d 294, 322, rev'd on other grounds, 533
   Fed.Appx. 11 (2d Cir. 2013) ......................................................................................... 13

*Sariol v. Florida Crystals Corp.*
   490 F.3d 1277, 1280–81 (11th Cir. 2007) ...................................................................... 7

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

*Shaia v. Harvest Management*
   (2015) 306 F.R.D. 268 ........................................................................................................13

*Trinh v. JP Moran Chase*
   (C.D. Cal. April 22, 2008) 2008 WL 1860161 at f.n.2 ..................................................12

**Federal Statues**

29 C.F.R. § 780.128 ..................................................................................................................6

29 C.F.R. § 780.129 ..................................................................................................................6

29 C.F.R. § 780.130 ..................................................................................................................6

29 C.F.R. § 780.132 ..................................................................................................................6

29 U.S.C. § 203 ..........................................................................................................5, 6, 8, 11

29 U.S.C. § 213 ..........................................................................................................................5

29 U.S.C. § 216(b) ....................................................................................................................4

29 U.S.C. § 207(a)(1) ................................................................................................................5

Title 12 § 1141j(g) ....................................................................................................................5

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**

015004.00003 - 187818.1

# I.

## INTRODUCTION

Plaintiffs Rosalie Cuevas, Adolfo Gomez-Moreno, Reynaldo Tolano, and Agustin Ambriz (collectively referred to herein as "Plaintiffs") are all current and former agricultural employees who worked for Defendants. Plaintiffs bring this Motion for Conditional Certification Under the Fair Labor Standards Act seeking conditional certification on behalf of four (4) subclasses of agricultural employees: mechanics, maintenance workers, weighers, and truck drivers. All of Plaintiffs' claims stem from their belief that they should not have been classified as agricultural employees under California and Federal law. As the facts in Plaintiffs' Complaint, and the declarations submitted in support, clearly show, Plaintiffs are agricultural employees that were properly classified as such under both California and Federal law.

The Court should exercise its discretion to deny Plaintiffs' Motion because Plaintiffs cannot show that there are any similarly situated individuals that were subject to an illegal practice or policy of Defendants. Plaintiffs are all properly classified agricultural employees and Defendants paid them according to all applicable California and Federal laws. Plaintiffs' entire Motion essentially argues that the Court should ignore their obvious status as agricultural employees subject to California Industrial Welfare Commission ("IWC") Wage Order 14 and exempt from the FLSA claims they seek to recover under to force Defendant to incur needless costs and expenses.

Plaintiffs' have done nothing to establish their claims beyond the allegations of their Complaint. The 27 self-serving, boilerplate declarations submitted by Plaintiffs do not support Plaintiffs' claim that they are not agricultural employees. In fact, they do the opposite, and clearly establish that proposed class members and Plaintiffs were agricultural employees. Plaintiffs have not met their burden of making substantial allegations that they, and proposed class members, were subject to an illegal policy maintained by Defendants that applied to all Plaintiffs to warrant certification. All of Plaintiffs' claims are individualized and not appropriate for conditional certification.

The 27 declarations submitted by Plaintiffs, and their Complaint, contain more than sufficient facts to establish that the employees in question are properly classified as agricultural employees. In each of the declarations submitted by Plaintiffs, the workers allege that they perform their duties in agricultural fields and on dairies. The "weigher" class includes individuals that weighed the agricultural products as they were leaving the fields, and "maintenance workers" and "mechanics" serviced agricultural equipment and vehicles used on the farms and dairies. The individuals in the "truck driver" class that Plaintiffs attempt to conditional certify are actually drivers of specially designed farm vehicles that are set up to receive commodities such as corn and wheat in the field simultaneously as they are being harvested. All of the alleged sub-classes proffered by Plaintiffs are made up solely of agricultural workers who cannot recover for the FLSA violations they seek to recover under because of the agricultural worker exemption to the FLSA.

Plaintiffs attempt to argue that "truck drivers" are not agricultural employees because Defendants began paying them overtime after 40 hours a week is completely erroneous. There are many reasons Defendants could choose to begin paying "truck drivers" overtime. This in no way establishes that Plaintiffs were not agricultural employees.

Plaintiffs simply alleging that they were classified as agricultural workers exempt from the FLSA's overtime requirement is insufficient in and of itself to support conditional. The Court should exercise its discretion to deny conditional certification of Plaintiffs' proposed classes of employees because Plaintiffs cannot show that there are similarly situated employees subject to a single illegal policy.

## II.

## ARGUMENT

### A. Conditional Certification Under 216(b) Is Improper Because Plaintiffs Are Not Similarly Situated With Proposed Class Members.

Plaintiffs seek conditional certification of four subclasses of individuals classified as agricultural employees by Defendants for alleged violations of the FLSA's overtime requirements

1  under 29 U.S.C. 216(b).  However, Plaintiffs have not met their burden of showing that they are
2  similarly situated with the proposed class members because they have not established that
3  Defendants maintained an illegal policy or practice that applied to all proposed class members.

4      Under Section 216(b), an employee who files suit under the FLSA may bring a collective
5  action on behalf of employees similarly situated.  (29 U.S.C.216(b).)  The court's determination of
6  whether a collective action is appropriate is discretionary. (*Adams v. Inter-Con Sec. Systems Inc.*
7  (N.D. Cal. 2007) 242 F.R.D. 530, 535, citing *Leuthold v. Destination America, Inc*. (N.D. Cal.
8  2004) 224 F.R.D. 462.)  A court must decide whether the proposed lead plaintiff and the proposed
9  collective action class are "similarly situated" for purposes of Section 216(b).  (*Leuthold, supra*,
10  224 F.R.D. at p. 466.)  The burden of making this showing is on the Plaintiff. (*Id.*)

11      To determine if conditional certification under Section 216(b) is appropriate, Courts have
12  routinely held that a plaintiff is required to make substantial allegations that that the putative class
13  members were subject to a single ***illegal*** policy, plan or decision (*Adams, supra*, 242 F.R.D. at p.
14  536 [emphasis added].)  Unsupported assertions in a pleading do not satisfy the plaintiff's burden
15  to establish that there are other aggrieved employees in the alleged class.  (*Harper v. Lovett's
16  Buffet, Inc*. 185 F.R.D. 358 (M.D. Ala. 1999) [Plaintiffs have the burden of demonstrating a
17  reasonable basis for crediting their assertions that aggrieved individuals exist in the class they
18  propose.] *Haynes v, Sunger Co.*, Inc. 696 F.2d 884 (11th Cir. 1983) [finding no abuse of discretion
19  for district court's refusal to authorize class notice where Plaintiff's counsel offered unsupported
20  allegations of widespread FLSA violations].)  Unsupported assertions of widespread violations
21  will not suffice to satisfy the Plaintiff's burden of showing substantial similarity.  (*Freeman v.
22  Wal-Mart Stores, Inc.* (256 F.Supp.2d 941, 945 (W.D. Ark. 2003); see *Hipp v. Liberty National
23  Life Ins. Co*. 252 F.3d 1208, 1217 (11th Cir. 2001) [finding that Plaintiffs have the burden of
24  demonstrating a reasonable basis for crediting their assertions that aggrieved similarly situated
25  individuals exist in the proposed class.]

26      Here, Plaintiffs cannot establish that they are similarly situated with any of the proposed
27  class members because Defendants did not maintain any illegal policy that applied to all proposed
28

class members within their respective subclasses. Plaintiffs are all properly classified as agricultural employees under the FLSA, and simply asserting that they should not have been classified as agricultural employees does not meet the burden of producing substantial allegations to establish an illegal policy. (*Adams*, *supra*, 242 F.R.D. at p. 536.) The declarations submitted by Plaintiffs in support of their Motion affirmatively establish their classification as agricultural workers was proper. There is no reasonable basis to credit Plaintiffs assertion that they were misclassified as agricultural workers, and Plaintiffs' unsupported allegations in their Complaint of widespread violations by Defendants do not support conditional certification. All of Plaintiffs' allegations of violations of the FLSA, if any such violations did occur, are individualized and are not reflective of an illegal policy maintained by Defendants.

Therefore, the Court should deny Plaintiffs' Motion for Conditional Certification because Plaintiffs have not established that they are similarly situated with any of the individuals they propose to represent.

### 1. **Plaintiffs Are All Properly Classified Agricultural Employees.**

The FLSA requires employers to pay covered employees overtime compensation of one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week, unless an exemption applies. (29 U.S.C. § 207(a)(1).) Under the FLSA, properly classified agricultural employees are exempt from the FLSA's requirement to pay overtime. (29 U.S.C.A. § 213.) "Agriculture" includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 1141j(g) of Title 12), the raising of livestock, bees, fur-bearing animals, or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market. . (29 U.S.C.A. § 203(f).)

The United States Supreme Court has construed this statutory definition as providing for

two categories of exempt agricultural practices. (See *Farmers Reservoir & Irrigation Co. v. McComb*, 337 U.S. 755, 762-63 (1949).) The first definition covers what the Court referred to as "primary" agriculture, which includes specific activities like cultivation and tillage of the soil, dairying, and harvesting. (*Id.* at 762.) The second part of the definition, referred to as "secondary agriculture," has a "broader" meaning that "includes any practices, whether or not themselves farming practices, which are performed either by a farmer on a farm, incidentally to or in conjunction with 'such' farming operations." (*Id.* at 762-63.)

Defendants are a "farmer" for purposes of the exemption. A "farmer" within the meaning of the agricultural exemption, means "the employer must be engaged in activities of a type and to the extent that the person ordinarily regarded as a 'farmer' is engaged." 29 C.F.R. § 780.130. Defendants are engaged in the harvesting of wheat, small grains and corn, and harvesting is a branch of farming specifically enumerated in the definition of agriculture under 29 U.S.C. § 203(f). Further, as employees of Defendants, Plaintiffs and potential class members are also "farmers." See 29 C.F.R. § 780.132 ("'Farmer' includes the employees of a farmer.").

Defendants provide harvesting services for other farmers, or clients.  Although the regulations generally require the farming practices be performed "in connection with the farmer's own farming operations," rather than in connection with the farming operations of another farmer, the regulations also recognize an exception for farmers like Defendants who offer harvesting services to other farmers.  (See 29 C.F.R. § 780.129.) The Department of Labor's regulation explaining the agriculture exemption reveals that Congress intended independent contractors to be treated like other agricultural employees. "The legislative history makes it plain that this language was particularly included to make certain that independent contractors such as threshers of wheat, who travel around from farm to farm to assist farmers in what is recognized as a purely agricultural task and also to assist a farmer in getting his agricultural goods to market in their raw or natural state, should be included within the definition of agricultural employees." (29 C.F.R. § 780.128; *Bowie v. Gonzalez*, 117 F.2d 11, 18 (1st Cir.1941).) This exception applies to both "primary" agriculture, such as harvesting, and the broader "secondary agriculture" activities held

to be incidental to the harvesting operations. "Because the agricultural activities of independent contractors, like those of employees, are exempt, it would be senseless to draw a distinction between secondary agricultural services provided to one but not the other." (*Sariol v. Florida Crystals Corp.*, 490 F.3d 1277, 1280–81 (11th Cir. 2007).)

As demonstrated herein, the proposed class members in this case are all covered by the FLSA exemption as workers employed in agriculture, whether that be "primary" agricultural activity of harvesting or activities incidental to harvesting. Whether Defendants employees are harvesting Defendants crop, or assisting another farmer in harvesting their crop, is of no significance to the analysis.

Plaintiffs cannot meet their burden of establishing that they are similarly situated with the individuals they purport to represent because the policies and practices of Defendants which are at issue do not violate any law on their face. Plaintiffs and proposed class members are all properly classified agricultural workers, and Plaintiffs' Complaint and the declarations submitted in support clearly support this classification.

As stated in Plaintiffs' Complaint, Defendants business is to provide personnel to "dairies at their premises to harvest, transport, and weigh wheat and corn that is used as animal feed ("silage")." (Complaint at ¶17.) The individual declarations submitted by Plaintiffs' further support Plaintiffs classification as agricultural employees. The declarations used to support each subclass contain virtually identical allegations. These declarations from Plaintiffs and proposed class members support their classification as agricultural workers, and clearly establish that their job duties are encompassed within the agricultural exemption.

      **a.**    **The "Truck Drivers" Are Agricultural Employees.**

The activities of Defendants' "truck drivers" are exempt agricultural work under the FLSA, whether as primary agriculture by its nature as part of harvesting, or as secondary agriculture in that it is integral to harvesting.

Defendants harvest the wheat and small grain crop upon various farms by an integral operation in which the crop is cut, chopped, hauled, weighed, dumped, and compacted.

Defendants' truck drivers are part of this continuous, synchronized operation as they haul the crop in its natural state from the field it is chopped to a location designated by the owner to be weighed, dumped and compacted. (Complaint at ¶23.)

The truck driver follows the chopper, and the chopper operator loads the truck with silage in the field. (See for example Declaration of Raul Garcia at ¶2.) The truck drivers then transport the silage to the clients' dairy, where the silage is weighed and then dumped. The driver then heads back to the field for another load. (See for example Declaration of Raul Garcia at ¶2.)

If the transportation of the crop from the field is determined not to be part of the harvesting process, it most definitely is covered under the broader definition of agriculture as it is closely connected with the harvesting process to warrant a finding that the truck drivers are employed in agriculture. (*Holtville Alfalfa Mills v. Wyatt,* 203 F.2d 398, 403 (9th Cir. 1955).) The transportation of the crop from the field to the final destination to be weighed and compacted is incident to the harvesting operations. Even though part of the journey of the crop from the field to its final location may take place off the farm, the transportation of the crop from the field is still part of the harvesting process. (See *National Labor Relations Bd. V. Olaa Sugar Company,* 242 F.2d 714 (9th Cir. 1957) [holding that it is immaterial that trucks travel a portion of the way over public highways to the determination of whether a truck driver hauling sugar cane from employer's field to mill was an agricultural employee].) The truck drivers in the present case are performing the necessary task of hauling the crop from field, which is incident to Defendants' overall harvesting operations.

It should also be remembered that the statute includes as agriculture "preparation for market, delivery to storage or to market or to carriers for transportation to market." (29 U.S.C. § 203.) As part of the harvesting the crop needs to be delivered somewhere. As explained in *Maneja v. Waialua Agr. Co.,* Congress made clear that in extending the exemption to "delivery to market" it meant to include auxiliary activity such as this. (*Maneja v. Waialua Agr. Co.,* 349 U.S. 254, 261 (1955).) Without the hauling of the crop from the field, the land could not be cultivated and the crop would spoil in the fields and be lost. (*Ibid.* at 262.)

7

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT**

015004.00003 - 187818.1

Here, the "truck drivers" are performing work that is clearly encompased within the definition of the FLSA's agricultural exemption, and the declarations submitted by Plaintiffs make that abundantly clear. To support the "truck driver" class, for workers who drove the specially designed farm equipment through the fields to collect the commodities as they were being harvested, most of the declarations Plaintiffs submitted contain the allegation that truck drivers drive the "trucks" through the fields where commodities are grown, where "other workers at Dias & Fragoso would put the feed in my truck in the fields that belong to the dairies, and I would transport it to those clients." (Declaration of Adolofo Gomez-Moreno at ¶5; Declaration of Armando Gutierrez at ¶2; Guillermina Gutierrez at ¶2; Declaration of Gustavo Hernandez at ¶2; Declaration of Humberto Flores at ¶2; Declaration of Juan C. Gutierrez at ¶2; Declaration of Juan Torres at ¶2; Declaration of Raul Garcia at ¶2; Declaration of Reynaldo Franco at ¶2; Declaration of Rogelio Trinidad; Declaration of Santos Rodriguez at ¶2.) The other "truck driver" declarations similarly allege that they go back and forth into the fields to load their trucks all day. (Declaration of Fabiola Cisnerosat ¶2; Declaration of Eluterio Sangerman at ¶2; Declaration of Froilan Benavides at ¶2; Declaration of Genaro Pulido at ¶2; Declaration of Orlando Luis at ¶2; Declaration of Robert Van Nest at ¶2; Declaration of Salvador Ceja at ¶2.)

The declarations submitted by Plaintiffs to support the "truck driver" class are clearly encompassed within the primary and/or secondary definition of the agriculture exemption because they are performing work that is part of the harvesting process. Plaintiffs have, therefore, not met their burden of establishing that proposed members of the "truck driver" class were subject to an illegal policy or practice of Defendants so as to make them similarly situated for purposes of conditional certification.

### b. The Weighers Are Agricultural Employees

Defendants also employ workers who are charged with weighing the truck before the crop is dumped and compacted. The trucks are weighed by Defendants employees stationed on the clients' premises. (Complaint at ¶24.) The employees described are referred to by Defendants as "weighers." (See for example Declaration of Rosalie Cuevas at ¶2; Complaint at ¶24.)

8

As described above, Defendants harvest crops of wheat, small grains and corn upon various farms by an integral operation in which the crop is cut, chopped, hauled, weighed, dumped, and compacted. Weighing is part of the overall harvesting operation. After the crop is weighed, the trucks dump the crop and return to the fields for another load. This entire operation from the cutting to the compacting is part of the harvesting process, and therefore all employees involved in the harvesting process are "employed in agriculture" and exempt from the FLSA. (See *Holtville Alfalfa Mills v. Wyatt*, 203 F.2d 398, 403 (9th Cir. 1955) [describing that all activities that were part of the continuous, synchronized, integral operation that began with the crop growing in the field to the time the product appeared at the mill for process were without a doubt part of the harvesting process.].)

To support the "weigher" class, Plaintiffs' submitted three declarations of workers within the classification. In their declarations, they declare that they weigh the commodities, such as corn and wheat, at the dairies. (Declaration of Maria Nava at ¶2, 7; Declaration of Rosalie Cuevas at ¶2, 7; Declaration of Susie C. Gomez at ¶2, 7.)

The job duties of the weighers establish that they are also covered under the secondary branch of the exemption. The secondary branch of the FLSA's definition of "agriculture" includes practices, that do not themselves fit within the primary meaning of agriculture, but are nevertheless performed by a farmer or on a farm as an incident to or in conjunction with such farming practices. (*Farmers Reservoir & Irrigation Co. v. McComb*, supra, 337 U.S. at 762-63.) In the present case, the weighing of the product is a "subordinate and necessary task incident to [Defendants'] agricultural operations." (Maneja, supra, 349 U.S. at 263.) Without weighing the crop that Defendants has harvested there is no method to measure the worth of the harvesting services that Defendants provides to its clients. Thus, weighing the crop is closely connected with the harvesting, and is necessarily "weighers" are employed in agriculture. Additionally, the statute includes as agriculture "preparation for market, delivery to storage or to market or to carriers for transportation to market." (29 U.S.C. § 203.) Weighing the crop is a necessary task to prepare the hay or corn for market.

Therefore, Plaintiffs have not met their burden of establishing that they are similarly situated with the proposed class of "weighers" because they have not shown that they were subject to an illegal policy or practice of Defendants.

### c. Mechanics and Maintenance Workers Are Agricultural Employees

Defendants' shop workers are responsible for servicing and repairing all the various machines involved in the harvesting process. (Complaint at ¶21.) The shop workers repair such machines at a maintenance facility located on Defendants' property.

Courts interpreting the breadth of the FLSA agriculture exemption have routinely held that workers who repair machines used in the harvesting operation fall within the exemption. For example, in the Ninth Circuit case *Holtville Alfalfa Mills v. Wyatt*, 230 F.2d 398 (9th Cir. 1955), the court examined whether a maintenance man who repaired machines used in the harvesting operation was an agricultural employee for purposes of the exemption. (*Ibid.* at 401-402.) The Ninth Circuit explained that the circumstances of *where* he conducted the repairs to the harvesting machines was not significant to the analysis of whether the maintenance man was characterized as "employed in agriculture." The *Holtville* court stated, "The mere fact that one employed entirely in farming otherwise opens the factory doors and gets out his equipment should not take him outside the policy declared by Congress." (*Holtville, supra,* at 402.) The Ninth Circuit directed the district court enter findings and judgment consistent with the Supreme Court's holding in *Maneja v. Waialua Agricultural Company, Limited*, 349 U.S. 263 (1955), that "Employees who repair the mechanical implements used in farming are also included [in the exemption]."

The declarations submitted by Plaintiffs for "mechanics" and "maintenance workers" similarly show that these individuals are properly classified as agricultural workers. These workers serviced and maintained agricultural equipment, including the specially designed farm vehicles used by "truck drivers" to catch the commodities in the fields as they were being harvested. (Declaration of Julio Cesar Mendoza at ¶2; Declaration of Manuel Hernandez at ¶2; Declaration of Reynaldo Tolano at ¶2.) The Mechanic class is also full of individuals that worked different shifts and had different work responsibilities. For instance, Reynaldo Tolano reported

that he worked the night shift, while other drivers reported that they worked the day shift. (Declaration Reynaldo Tolano at ¶2; Declaration of Julio Cesar Mendoza at ¶2, 3.)

Plaintiffs have failed to show any reasonable basis for concluding that all maintenance workers and mechanics were subject to an illegal policy of Defendants. The declarations submitted by Plaintiffs clearly establish that they are performing working encompassed within the agricultural exemption and, therefore, Plaintiffs have not met their burden of showing that they are similarly situated with the individuals in the mechanic or maintenance worker classes.

### 2. Plaintiffs' Status As Exempt Employees Is Not Sufficient To Support Conditional Certification

Plaintiffs assert that because they were classified as agricultural employees exempt from the FLSA overtime requirements, they have met their burden for conditional certification. Aside from the fact that this requires the Court to ignore their obvious status as agricultural employees exempt from the FLSA violations they assert, the fact that they were classified as exempt from the FLSA's overtime requirements is not sufficient to establish conditional certification.

"[M]erely alleging that a class of employees was wrongly designated 'exempt' does not constitute a showing of an unlawful, institution-wide policy." (*Trinh v. JP Moran Chase* (C.D. Cal. April 22, 2008) 2008 WL 1860161 at f.n.2.) Plaintiffs' status as exempt, standing alone, is insufficient to satisfy even the low threshold for conditional certification under 216(b). (*Brown v. Barnes & Noble, Inc.* (2017 S.D.N.Y.) 252 F.Supp.3d 255, citing *Costello v. Kohl's Illinois*, No. 13-cv-1359 (GHW), 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014) ("Plaintiffs cannot meet their burden for conditional certification merely by pointing to the fact that the employer has classified all employees in a particular job category as exempt.")

Plaintiffs reliance on the holding in *Shaia v. Harvest Management* (2015) 306 F.R.D. 268 is misplaced. In *Shaia*, the Court, citing to the holding in *Benedict v. Hewlett Packard Co.* (2014) WL 587135 (N.D. Cal. 2014), found that the "the initial 'notice stage' is not the appropriate time for a court to evaluate the merits of plaintiffs' FLSA claims." (*Shaia, supra*, 306 F.R.D. at p. 272.) However, the Court in *Benedict* noted that Courts may rely on the pleadings and affidavits

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

submitted to determine if conditional certification is appropriate. (*Benedict, supra*, at p. 5.)

Plaintiffs have done no more than merely allege that they were wrongly designated as agricultural employees exempt from the FLSA's overtime requirements. As discussed above, courts have routinely found that such an allegation is insufficient to support conditional certification. Plaintiffs' Complaint and the declarations submitted in support establish that their classification as agricultural employees was proper. Plaintiffs' allegation that because they were classified as exempt, they Court should grant conditional certification, does not meet their burden of establishing that they are similarly situated with the proposed class members.

### 3. Plaintiffs' Argument That Defendant Started Paying Truck Drivers Overtime Does Not Support Certification Under 216(b)

For the same reason why courts will not automatically certify a collective action simply because a group of employees are classified as exempt, Defendants' reclassification of the "truck driver" position also is insufficient to justify conditional certification. (*Ahmed v. T.J. Maxx Corp.* (2015 E.D.N.Y.) 103 F.Supp.3d 343, 351, *Raniere v. Citigroup* (S.D.N.Y. 2011) 827 F.Supp.2d 294, 322, rev'd on other grounds, 533 Fed.Appx. 11 (2d Cir. 2013).)

The fact that Defendants chose to begin paying individuals classified as "truck drivers" overtime is not sufficient to establish conditional certification. Defendants had several legitimate reasons for beginning to pay "truck drivers" overtime, including simply avoiding further risk. Plaintiffs' claim that "truck drivers" were not properly exempt agricultural employees because Defendants decided to pay them overtime must be rejected.

///
///
///
///
///
///
///

## III.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny the Motion for Conditional Certification. Plaintiffs cannot show that the class members they purport to represent are similarly situated aggrieved employees who have suffered similar alleged violations of the FLSA and California Labor Code. Plaintiffs' Complaint and the declarations they submitted in support affirmatively establish that Plaintiffs are agricultural employees

Dated: March 12, 2018

SAGASER, WATKINS & WIELAND PC

By: _____
Howard A. Sagaser
Ian B. Wieland
Attorneys for Defendants, Dias & Fragoso, Inc., D&F Agricultural Enterprises, Inc., Gabriel M. Dias and John L. Fragoso

13
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT

015004.00003 - 187818.1