UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABRIEL M. DIAS; and JOHN L. FRAGOSO,<br><br>Defendants. | Case No.: 1:17-cv-00357-BAM<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br>(Doc. 45)<br><br>Judge: Hon. Barbara A. McAuliffe |

The above-captioned matter came on for hearing before the Court on June 7, 2019 on Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("the Preliminary Approval Motion"). Upon review and consideration of the Settlement, the motion and supplemental papers and the exhibits thereto, the Court finds that there is sufficient basis for (1) granting preliminary approval of the Settlement; (2) provisionally certifying the class for settlement purposes only; (3) appointing Plaintiffs' counsel as Class Counsel and appointing the

named Plaintiffs to represent the Settlement Class; (4) approving the Class Action, FLSA Notice, and Dispute Form, and the procedures in the Settlement for employees to exclude themselves from the Settlement Class and to object to the Settlement; (5) directing that notice be disseminated pursuant to the terms of the Settlement; (6) staying all non-settlement related proceedings in the Action pending final approval of the Settlement; and (7) setting a final hearing (the "Fairness Hearing") at which time the Court will consider whether to grant (a) final approval of the Settlement; (b) the service awards to the named Plaintiffs, and the amount of the awards; and (c) Class Counsel's application for attorney fees and costs, and the amount of fees and costs.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Action is provisionally certified as a class action, for the purposes of settlement only, under Federal Rule of Civil Procedure 23 (for the California claims). The Rule 23(a) requirements of numerosity, commonality, typicality and adequacy of representation have been satisfied. Fed. R. Civ. P. 23(a)(1)-(4). Further, questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).) The Court previously conditionally certified the collective action under 29 U.S.C. § 201 *et seq*. (for the FLSA claim).

2. The Settlement Class is defined as "all persons who are or were employed in California by Defendants as non-exempt (i) mechanics, (ii) maintenance workers, (iii) farm equipment operators, (iv) truck drivers, and (v) weighers at any point during the Class Period (March 10, 2013 to the date of the preliminary approval order) and who do not properly and timely opt out of the Settlement Class by having requested exclusion."

3. Certification of the Settlement Class shall be solely for the purposes of settlement and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

4. The Court preliminarily approves the Settlement as fair, reasonable, and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.

Further, as to the FLSA collective action, the Settlement is a fair and reasonable resolution of a bona fide dispute.

5. The Court appoints the following attorneys as Class Counsel:

John E. Hill, State Bar No. 45338
Enrique Martinez, State Bar No. 206884
Law Offices of John E. Hill
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 632-1445
Email: enriquemartinez@hill-law-offices.com

6. The Court appoints the named Plaintiffs—Rosalie Cuevas, Adolfo Gomez-Moreno, Reynaldo Tolano, and Agustin Ambriz—as class representatives.

7. The Court appoints CPT Group Class Action Administrators to serve as the settlement administrator and to carry out all duties and responsibilities of the Claims Administrator as specified in the Settlement.

8. The Court approves the method of disseminating notice to the Settlement Class and members of the FLSA collective action in Spanish and English, as set forth in the Settlement. The Court finds that the proposed forms are reasonably clear and should be reasonably understandable to the Settlement Class and members of the FLSA collective action. The Court finds that the proposed form and method of notice provided in the Settlement constitutes the best notice practicable under the circumstances, and will provide valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including Rule 23 and the Due Process Clause of the United States Constitution, and is the only notice of the Settlement that is required.

9. Not later than five (5) days from the date of this Order, Defendants' counsel shall provide to the Claims Administrator and Class Counsel a list of all members of the Settlement Class and members who timely opted into the FLSA collective action, their last known addresses, telephone numbers, and the last four digits of their social security or individual taxpayer

identification numbers. Class Counsel shall supplement this information with any more recent contact information available for members of the Settlement Class and the FLSA collective action. The Claims Administrator shall be responsible for preparing, printing, and mailing to members of the Settlement Class and the FLSA collective action the Class Notice, the FLSA Notice (if applicable), and Dispute Form. A Spanish language translation (prepared by the Claims Administrator) of all materials mailed to members of the Settlement Class and the FLSA collective action by the Claims Administrator shall be included as a part of the same mailing.

10. No later than fourteen (14) days from the date of this Order, the Claims Administrator shall send a copy of the Class Notice, the FLSA Notice (if applicable), and Dispute Form to members of the Settlement Class and the FLSA collective action via First Class regular U.S. mail, postage prepaid, using the most current mailing address information available. The date of the original mailing will be the Notice Date. For any Class Notice or FLSA Notice returned to the Claims Administrator as non-deliverable within forty-five (45) days of the Notice Date, the Claims Administrator shall make prompt and reasonable efforts to locate the person involved, using appropriate search methods. If new address information is obtained, the Claims Administrator shall promptly re-mail the Class Notice and Dispute Form, and FLSA Notice (if applicable), to the addressee via First Class regular U.S. mail, postage prepaid, using the new address. If the Claims Administrator is unable to obtain new address information with regard to any Notice returned as non-deliverable within thirty (30) days following the Notice Date, or if a Notice is returned as non-deliverable more than forty-five (45) days following the original mailing date, the Claims Administrator shall be deemed to have satisfied its obligation to provide the Class Notice and the FLSA Notice to the affected member of the Settlement Class and FLSA collective action through the original mailing. In the event the procedures in this paragraph are followed and the intended recipient of the Class Notice does not receive the Class Notice, the intended recipient shall nevertheless remain a member of the Settlement Class and shall be bound by all the terms of this Settlement and the Order and Final Judgment.

11. Those members of the Settlement Class who wish to opt out of the settlement must send an opt-out letter (Request for Exclusion) to the Claims Administrator. Such letter must be received by the Claims Administrator or postmarked no later than sixty (60) days from the Notice Date.

12. If the Settlement is finally approved and becomes effective, any Settlement Class member who does not send a timely and valid written statement opting out of the Settlement shall be a Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the release of claims as provided in the Settlement.

13. Those members of the Settlement Class who wish to object to the Settlement must mail to the Claims Administrator a written statement objecting to the Settlement. Such written statement must be mailed to the Claims Administrator no later than sixty (60) days from the Notice Date. The Claims Administrator will file any objections with the Court. No member of the Settlement Class shall be entitled to be heard at the Settlement Fairness Hearing (whether individually or through separate counsel) or to object to this Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Settlement Fairness Hearing, unless the written statement objecting to the Settlement is mailed to the Claims Administrator no later than sixty (60) days from the Notice Date. Members of the Settlement Class who fail to mail timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

14. Any Settlement Class member who submits a timely and valid written objection ("Objector") may appear at the Fairness Hearing, either in person or through personal counsel hired at the Objector's own expense. Any Settlement Class member who does not submit a timely and valid objection shall be deemed to have waived all objections to the Settlement and shall forever be foreclosed from making any objection to (a) the fairness, adequacy, or reasonableness of the Settlement; (b) any Final order and Final Judgment entered approving it; (c) Class Counsel's

application for attorney fees and costs; or (d) any request for services awards for the class representatives.

15. The Court will hold a final Fairness Hearing on **September 24, 2019 at 10:00 a.m. in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to determine whether the Settlement should be finally approved as fair, reasonable, and adequate to the Settlement Class, whether Final Judgment should be entered dismissing the Action with prejudice, and whether Class Counsel's application for an award of attorney fees and costs pursuant to the Settlement should be approved.

16. The Parties shall file any motions in support of final approval of the Settlement no later than September 4, 2019. Class Counsel shall file their fee application no later than September 4, 2019.

17. The Parties shall file any responses to any Objectors, and any supplemental papers in support of final approval or Class Counsel's fee application by no later than September 11, 2019.

18. At no time shall any of the Parties or their counsel seek, solicit or otherwise encourage, directly or indirectly, members of the Settlement Class or members of the FLSA collective action to submit written objections to the settlement, to opt out, or to appeal from the Order and Final Judgment.

19. The date of the Fairness Hearing as provided in this Order and related deadlines may be rescheduled by the Court upon notice to the Parties.

20. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement; or (b) the Settlement does not become effective pursuant to the terms of the Settlement for any other reason.

21. Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as may be necessary to implement the Settlement or to comply with the terms of the Settlement, are hereby stayed.

22. The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for Defendants to provide Claims Administrator and Class Counsel with information pertaining to Members of the Settlement Class and FLSA Collective Action | No later than five (5) days of the date of this Order. |
| Notice Date | No later than fourteen (14) days from the date of this Order. |
| Deadline to opt-out/request exclusion | Sixty (60) days from Notice Date. |
| Deadline to object | Sixty (60) days from Notice Date. |
| Deadline to dispute Settlement Payment | Sixty (60) days from Notice Date. |
| Last Day for Parties to file any motions in support of final approval of the Settlement, including Class Counsel's motion for attorney fees and costs, and class representative service awards | September 4, 2019 |
| Fairness hearing | September 24, 2019 |

IT IS SO ORDERED.

Dated: __**June 18, 2019**__   _____/s/ *Barbara A. McAuliffe*_____
                              UNITED STATES MAGISTRATE JUDGE