JOHN E. HILL, State Bar No. 45338
ENRIQUE MARTINEZ, State Bar No. 206884
Law Offices of John E. Hill
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone: (510) 588-1000
Facsimile: (510) 632-1445
Email: enriquemartinez@hill-law-offices.com

*Attorneys for Plaintiffs & Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| ROSALIE CUEVAS, ADOLFO GOMEZ-MORENO, REYNALDO TOLANO, and AGUSTIN AMBRIZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAS & FRAGOSO, INC., a California Corporation; D & F AGRICULTURAL ENTERPRISES, INC., a California Corporation; GABRIEL M. DIAS; and JOHN L. FRAGOSO,<br><br>Defendants. | Case No.: 1:17-cv-00357-BAM<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, AWARD OF SERVICE PAYMENTS, AND AWARD OF ATTORNEY FEES AND COSTS**<br><br>Date: January 10, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 8 |

Plaintiffs Rosalie Cuevas, Adolfo Gomez-Moreno, Reynaldo Tolano, and Agustin Ambriz filed this class and collective action alleging unpaid overtime compensation, failure to provide meal and rest breaks, failure to reimburse work-related expenses, failure to pay reporting time wages, and derivative claims against Defendants Dias & Fragoso, Inc., D & F Agricultural Enterprises, Inc., Gabriel M. Dias, and John L. Fragoso. The claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the California Labor Code, California Business & Professions Code § 17200 *et seq.*, and the California Private Attorney General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). Pending before the Court is the motion for final approval of the Amended Stipulation and Agreement to Settle Class and Collective Action ("Settlement Agreement"). The Court heard oral argument on January 10, 2020. Class Counsel Enrique Martinez appeared by telephone on behalf of Plaintiffs and William Woolman appeared by telephone on behalf of Defendants. No objectors appeared at the hearing. For the reasons set forth below, and as stated on the record, the motion for final approval is HEREBY GRANTED.

In the Order Granting Motion for Preliminary Approval of Class and Collective Action Settlement, the Court found that the Rule 23(a) prerequisites and Rule 23(b)(3) requirements were met for the Rule 23 class. The Court is not aware of any new facts that would affect its findings in support of class certification. The Court previously conditionally certified the collective action for the FLSA class under 29 U.S.C. § 216(b), and the Court is not aware of any new facts that would support decertification of the FLSA class.

In the Order Granting Motion for Preliminary Approval of Class and Collective Action Settlement, the Court found that the Class Notice was reasonably clear and should be reasonably understandable to the Settlement Class. It also found that the Class Notice satisfied the requirements under Rule 23 and the Due Process Clause. The Claims Administrator mailed English and Spanish versions of the Class Notice and the Dispute Form to all class members at their last known addresses. The Class Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service payments to the Named Plaintiffs for serving as class representatives, and Class Counsel's request for an award of attorney fees and costs.

ORDER GRANTING MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT

1

After the Court conditionally certified the FLSA collective action on May 2, 2018, the Court ordered that notice be sent to members of the FLSA collective action informing them about the FLSA claim and their right to opt into the FLSA collective action by July 31, 2018.  The FLSA Notice mailed as part of preliminary approval was properly sent only to individuals who timely opted in, and it informed them about their FLSA payment.

Following preliminary approval of the class and collective action, the Court initially declined to grant final approval of the settlement agreement because not all members of the class for the class period preliminarily approved by the Court had been provided notice of the settlement.  The Court subsequently ordered that a notice and dispute form be sent to the additional class members and the Claims Administrator mailed the class notice and dispute forms to these class members on November 6, 2019.  The class members had 30 days after mailing to object, request to be excluded or dispute their number of pay periods.  No objections were filed and there are no pending disputes.

The terms of the Settlement Agreement are fair, reasonable, and adequate under Rule 23(e), and are a fair and reasonable resolution of a bona fide dispute under the FLSA.  Plaintiffs' case was strong, but there were potential uncertainties, both on the merits and as to class certification.  The parties had sufficient information to make an informed decision about settlement.  The settlement fund will provide substantial relief to class members now, while avoiding the risks, delays, and expense of continued litigation.  Further, Class Counsel's experienced opinion is that the settlement is fair, reasonable and adequate.  The settlement is also the product of arms-length negotiations. The parties engaged in mediation with a professional mediator experienced in wage and hour class actions.  Although the mediation did not result in settlement, it facilitated that the parties' continued settlement discussions which ultimately led to their agreement to settle the action.  No class member has objected to the Settlement Agreement.  There are no signs of collusion.  The Court finds that the uncertainty and delay of further litigation support the reasonableness and adequacy of the $775,000 common fund established pursuant to the Settlement Agreement.  Any funds remaining in the trust account will be paid to Valley Children's Hospital, a nonprofit organization, as *cy pres* recipient.

The exception is unclaimed FLSA wages, which will be redistributed among members of the collective action.

Service awards of $7,500 for each Named Plaintiff are reasonable, in light of the significant time and energy they expended on this matter and the risks they faced in serving as class representatives.

Class Counsel seeks $193,750 in attorney fees, which is equivalent to 25 percent of the common fund and the benchmark for a reasonable fee award in the Ninth Circuit. Here, a lodestar cross-check confirms the reasonableness of the percentage award. Class Counsel Enrique Martinez and contract attorney Jocelyn Sperling both have extensive experience and, for purposes of the lodestar cross-check, the Court finds that an hourly rate of $400 is reasonable. The Court will use the reasonable hourly rate of $100 for the paralegals. The Court reviewed the time entries and finds that the hours expended were reasonable. Class Counsel has cut some hours, and has not included time spent on the fee portion of the motion. Utilizing these rates, the lodestar cross-check is higher than the 25 percent amount of $193,750 and awarding 25 percent of the common fund does not result in a windfall.

The Law Offices of John E. Hill expended more than $23,780.89 in costs in the representation of Plaintiffs and the class and collective action. The costs were primarily for mediator fees, data entry expenses, filing fees, travel expenses to meet with class members, and mailing costs. The costs expended were reasonable and necessary. As discussed at the hearing, the amount requested in costs exceeds the $23,000.00 amount agreed upon by the parties in the Settlement Agreement and preliminarily approved by the Court. Absent any objection from the parties, the Court therefore will award $23,000.00 in costs.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. For purposes of this Order, the Court adopts the terms defined in the Settlement Agreement.

2. The Court finds that the Rule 23(a) prerequisites and Rule 23(b)(3) requirements are met for the Settlement Class, and the requirements are met for certification of the FLSA class under 29 U.S.C. § 216(b).

3. The Court finds that the Class Notice was the best notice practicable as required by Rule 23(c)(2)(B) and due process. The Class Notice was mailed to all members of the Settlement Class, using their last known addresses. Notice was previously sent to members of the FLSA class; the FLSA Notice mailed as part of preliminary approval informed those who had timely opted into the FLSA collective action about their FLSA payment.

4. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate under Rule 23(e). The Court also finds that the terms are a fair and reasonable resolution of a bona fide dispute under the FLSA.

5. The Settlement Agreement is finally approved and all provisions shall be effectuated, with one modification regarding the timing of the payment of the settlement amount. Under the Settlement Agreement, Defendants are required to pay $475,000 within 30 days of the date of Final Approval Order, and the second and final payment of $300,000 by February 28, 2020. The modification to the Settlement Agreement is that Defendants shall make both payments of $475,000 and $300,000, totaling the $775,000 settlement amount, no later than February 28, 2020.

6. The Named Plaintiffs, the Settlement Class, and FLSA class members are barred from any future legal proceedings against Defendants concerning any of the Released Claims. However, any person who timely opted out of the Class will not be bound by the settlement of the California claims, will not release his or her California claims, and will not be barred from future legal proceedings on the California claims. Any person who did not submit a consent to join/opt in to the FLSA action will not be bound by the settlement of the FLSA overtime claim, will not release the FLSA claim, and will not be barred from future legal proceedings on the FLSA claim.

7. Upon completion of administration of the Settlement Agreement, the claims administrator shall provide written certification of such completion to the Court and counsel for the parties.

8. Class representatives Rosalie Cuevas, Adolfo Gomez-Moreno, Reynaldo Tolano, and Agustin Ambriz are each awarded a service payment of $7,500.00 to be paid from the gross settlement fund.

9. Class counsel is awarded attorney fees in the amount of $193,750.00 and costs of $23,000.00, to be paid from the gross settlement fund.

10. The Court finds that an allocation of $10,000.00 of the gross settlement fund to the PAGA claims is reasonable. The claims administrators shall pay $7,500 (75 percent of the allocation) to the California Labor and Workforce Development Agency.

11. The claims administrator shall be paid $14,565.40 from the gross settlement fund for the cost of notice and claims administration.

12. The Court finds that the individual settlement payments to be paid to members of the class and collective action, as set forth in the Settlement Agreement, are fair and reasonable. The Court finally approves and orders the payment of those amounts be made from the net settlement proceeds in accordance with the terms of the Settlement Agreement.

13. The claims administrator shall send any funds remaining in the trust account to Valley Children's Hospital, a nonprofit organization, as *cy pres* recipient. However, any unclaimed FLSA wages shall be redistributed among members of the collective action.

14. The Court hereby enters Judgment in favor of Plaintiffs and against Defendants, and approving the terms of the Settlement Agreement. Each side shall bear its own costs and attorney fees, except as provided by the Settlement Agreement and set forth herein. The Court retains jurisdiction over the interpretation, administration, implementation, and enforcement of this Order and the Settlement Agreement until the settlement funds are distributed or for one year after the date of this Order, whichever is sooner.

IT IS SO ORDERED.

Dated: **January 13, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE